IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KIMBERLY TRIPLETT,**

    **Plaintiff,**

v.                                                          Civil Action No. 3:19cv104

**ANDREW M. SAUL,**
*Commissioner of*
*Social Security Administration*

    **Defendant.**

## MEMORANDUM ORDER

Plaintiff Kimberly Triplett challenges the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for Supplemental Security Income after finding she lacked disability. This matter comes before the Court on the Report and Recommendation ("R&R") prepared by the Honorable David J. Novak, United States Magistrate Judge, (ECF No. 18), addressing the parties' cross-motions for summary judgment, (Pl.'s Mot. Summ. J., ECF No. 14; Def.'s Mot. Summ. J., ECF No. 16). The Magistrate Judge recommends that this Court deny Triplett's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and uphold the final decision of the Commissioner. Triplett objects to the R&R (the "Objection"). (Pl.'s Obj. R&R, ECF No. 19.) The Commissioner responded to Triplett's Objection. (Def.'s Resp., ECF No. 20.) The Court exercises jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).[1]

---

[1] Section 405(g) provides in relevant part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party . . .

For the reasons articulated below, the Court will overrule Triplett's Objection and adopt the R&R. Accordingly, the Court will deny Triplett's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the Commissioner's decision.

The instant case involves Triplett's claim for Social Security Disability Benefits under the Social Security Act, alleging disability from fibromyalgia and chronic fatigue syndrome. On January 18, 2018, an Administrative Law Judge ("ALJ") issued a written opinion finding that Triplett did not suffer from severe impairments, meaning that she did not qualify for disability benefits. (R. 15–22.) After the Appeals Council denied Triplett's administrative appeal, she sought review in this Court.

In the Objection, Triplett asserts that the ALJ and the Magistrate Judge erred because they improperly classified Triplett's medically determinable impairments as non-severe. (Pl.'s Obj. 2, ECF No. 19.) Triplett contends that, because of that conclusion, the ALJ prematurely stopped the five-step review process at the second step of the required sequence and thereby incorrectly rejected her claim. (*Id.*) Triplett asks this Court to reverse the ALJ's decision because the "bar for considering an impairment severe is low," and to remand the case for further proceedings. (*Id.* at 3–4.)

---

may obtain a review of such decision by a civil action . . . in [a] district court." 42 U.S.C. § 405(g). Section 1383(c)(3) confirms that "[t]he final determination of the Commissioner after . . . a hearing . . . shall be subject to judicial review as provided in section 405(g)." 42 U.S.C. § 1383(c)(3).

## I. STANDARD OF REVIEW

### A. Appellate Standard of Review

This Court reviews *de novo* any part of the magistrate judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C);[2] Fed. R. Civ. P. 72(b)(3).[3] In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Judicial review of a final decision regarding disability benefits requires that this Court "'uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.'" *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). Substantial evidence requires "more than a mere scintilla of evidence but less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (quoting *Hancock*, 667 F.3d at 472).

If substantial evidence does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh

---

[2] The subsection provides: "The magistrate judge shall file his [or her] proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties." 28 U.S.C. § 636(b)(1)(C).

[3] The rule provides that, in resolving objections, "[t]he district court must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

3

conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro*, 270 F.3d at 176 (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)).

## B. Determining Eligibility for Benefits

Because this case involves a decision determining eligibility for benefits, the Court reviews "whether the ALJ's finding . . . was reached based upon the correct application of the relevant law." *Craig*, 76 F.3d at 589 (citing *Coffman*, 829 F.2d at 517). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); *see* 20 C.F.R. §§ 416.920(a)(4), 404.1520.

In step one, the "ALJ asks . . . whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). The second step of the five-step sequential analysis, which Triplett challenges here, requires that the factfinder decide whether the claimant suffers from a "severe" impairment, irrespective of age, education, and work experience. 20 C.F.R. §§ 404.1520(c) & 416.920(c). The Commissioner has issued regulations that define the scope of the term "severe impairment":

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. §§ 404.1520(c) & 416.920(c). If the claimant does not have a severe impairment under this definition, the ALJ typically will deny the claim without proceeding through the remainder of the sequential analysis. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

At step three, the ALJ must decide whether the medical impairment meets or equal an impairment listed in the regulations. *Mascio*, 780 F.3d at 634. "Satisfying step 3 warrants an

4

automatic finding of disability, and relieves the decision maker from proceeding to steps 4 and 5." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (citing 20 C.F.R. § 404.1520(a)(1)).

"If the claimant satisfies steps 1 and 2, but not step 3, then the decision maker must determine the claimant's residual functional capacity, that is, an evaluation of [his or] her ability to perform work despite [his or] her limitations ('RFC assessment')." *Id.* (citing 20 C.F.R. § 404.1520(e)). "The Administration has specified the manner in which an ALJ should assess a claimant's RFC." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019). A claimant's RFC assessment considers his or her capacity to perform sustained physical and mental activities on a regular and continuous basis, in spite of his or her limitations. *See* SSR 96-8p (policy interpretation for assessing RFC).

After conducting the RFC assessment, the ALJ proceeds to step four and considers whether the claimant could continue performing the work that he or she did in the past; if not, the ALJ moves on to step five. *See Patterson*, 846 F.3d at 659; *see also* 20 C.F.R. § 404.1520(a)(4)(iv) (noting step four considers "past relevant work"). "At step five, the ALJ determines whether the claimant—given [his or] her RFC, [his or] her age, [his or] her education, and [his or] her prior work experience—can do any other work that 'exists in significant numbers in the national economy.'" *Thomas*, 916 F.3d at 310 (quoting 20 C.F.R. § 416.960(c)(2)).

If, at any step of the analysis, the ALJ determines that the claimant is not disabled, the inquiry must stop and the ALJ must deny the claim. 20 C.F.R. § 404.1520(a)(4). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas*, 916 F.3d at 310.

## II. ANALYSIS

In the Objection, Triplett objects to the ALJ's determination at step two: that "all of [her] medically determinable impairments were non-severe." (Pl.'s Obj. 2.) Accordingly, this Court will limit its analysis to that issue. *See United States v. George*, 971 F.2d 1113, 1117 (4th Cir. 1992) ("[T]he court . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (citation and quotation marks omitted)).

On *de novo* review, the Court concludes that the Magistrate Judge correctly found that Triplett did not meet her burden at step two when he found "[a]lthough the ALJ incorrectly stated that both [doctors] found no severe impairments, the Court finds no error in the overall conclusion of the ALJ that the opinions of both physicians proved internally inconsistent," (R&R 12), because the ALJ rightly concluded that Triplett's "treatment successfully resolved her symptoms," (R&R 13). Substantial evidence supports those findings. The ALJ considered each medically determinable impairment and discussed how medication and treatment controlled Triplett's conditions. In the Objection, Triplett herself recognizes that the record contains notations of "improvements" and conditions being treated "successfully," (Pl's Obj. 3), but contends that "multiple acceptable medical source doctors [] believe Ms. Triplett's conditions impose more than a slight abnormality." (*id.*) But a review of the record shows otherwise. (*See, e.g.*, Def.'s Resp. to Pl's Obj. 5-10, ECF No. 20) (listing numerous record citations to support ALJ's conclusion that medical impairments were non-severe). The ALJ further discussed both the type of activities Triplett can perform and the extent to which she can perform them. (R. 18–21); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (requiring review of both the type of activities and the extent to which claimant can perform them). For example, the ALJ

observed that Triplett had received treatment that improved her fibromyalgia pain, keeping her "able to drive, do laundry, housecleaning, grocery shopping, get her son up, ready for school, and on the bus, and she is able to help with homework and get him to Tae Kwon Do on time." (R. 20.) Her sleep apnea, hypertension, vertigo, dizziness, and eye problems all responded well to treatment. (R&R 13–17.) The ALJ also correctly found that the "evidence does not support ongoing symptoms, complications, or required specialized treatment," further supporting the ALJ's step two determination. (*Id.*) Accordingly, the Court finds substantial justification in the record to affirm the findings of fact and conclusions of law in the R&R regarding the ALJ's determinations.

## III. CONCLUSION

Following a *de novo* review of the R&R and the Objection, and finding no error, the Court will ADOPT the findings and recommendations set forth in the R&R. Accordingly, the Court:

(1) OVERRULES Triplett's Objection to the Report and Recommendation, (ECF No. 19);

(2) ADOPTS the Report and Recommendation of the Magistrate Judge, (ECF No. 18);

(3) DENIES Triplett's Motion for Summary Judgment, (ECF No. 14);

(4) GRANTS the Commissioner's Motion for Summary Judgment, (ECF No. 16); and

(5) AFFIRMS the Commissioner's decision denying benefits to Triplett.

The parties are advised that they may appeal from this Memorandum Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 701 East Broad Street, Richmond, Virginia 23219. The Clerk must receive said written notice within sixty (60) days from the date of this Final Order.

Let the Clerk send a copy of this Memorandum Order to all counsel of record.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: October 15, 2019
Richmond, Virginia